**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In Re: Robert Joseph Brown, Debtor.**
**Bankruptcy No. 6:05-Bk-15294-ABB**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

        **Appellant,**

-vs-                                      Case No. 6:07-cv-316-Orl-31

**ROBERT JOSEPH BROWN,**

        **Appellee,**

**STATE FARM MUTUAL INSURANCE**
**COMPANY,**

        **Appellant,**      Case No. 6:07-cv-546-Orl-31

-vs-

**ROBERT JOSEPH BROWN,**

        **Appellee.**

## ORDER

On October 14, 2005, Robert Joseph Brown ("Brown") filed a voluntary petition for relief under Chapter 13 of the Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida. On November 14, 2006, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Brown's second amended Chapter 13 plan (the "Plan"). Creditor State Farm Mutual Automobile

Company ("State Farm"), which had objected to confirmation, filed a timely notice of appeal of the Confirmation Order on January 15, 2007.

In its appeal, State Farm raises concerns in five areas:

1. Whether Brown's case should have been dismissed as a two-party dispute.

2. Whether the Plan was proposed in good faith.

3. Whether the Plan was feasible and met the best interest of creditors test.

4. Whether Brown was eligible to proceed under Chapter 13.

5. Whether the Bankruptcy Court failed to make sufficient findings of fact and

conclusions of law in the Confirmation Order.

After reviewing the three briefs filed in this case, the Court finds several issues of concern, particularly (but not solely) in regard to Brown's apparent failure to disclose ownership of Spectrum DX Services, Inc. until after he had distributed its remaining capital to himself in the guise of a salary. Unfortunately, this Court is not in position to assess the Bankruptcy Court's determinations on any of these issues due to a lack of findings in the Confirmation Order.

When reviewing the bankruptcy court's findings of fact, this Court applies the clearly erroneous standard. *In re Williamson*, 15 F.3d 1037, 1038 (11th Cir. 1994). The Court reviews the bankruptcy court's conclusions of law under a de novo standard. *Id.* Under de novo review, this Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to the decisions of the bankruptcy court. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001). "The bankruptcy court, however, must make factual findings." *In re Cornelison*, 901 F.2d 1073, 1075 (11th Cir. 1990). "Neither the district court (which functions in an appellate capacity in a bankruptcy appeal) nor this Court may make

independent factual findings; if the bankruptcy court is silent or ambiguous as to the necessary factual findings, the case must be remanded to the district court which presumably will remand to the bankruptcy court for the necessary factual determinations." *Id.*

Five pages of the seven-page Confirmation Order consist of boilerplate instructions, the signature, and other non-analytical text.  Most of the remaining two pages is taken up by a historical and procedural chronology.  The Confirmation Order does recite that State Farm's claim was found to be unliquidated, that Brown's Chapter 13 Plan "complies with 11 U.S.C. § 1325 and other applicable provisions of the Bankruptcy Code," that Brown proposed the Plan in good faith, that the Plan is feasible, and that Brown has acted in good faith throughout the case.  (Doc. 2-4 at 2).  However, the Bankruptcy Court offers no explanation as to how it reached any of these conclusions.  The Debtor makes no argument that the findings and conclusions are legally sufficient, instead simply stating that he "finds no fault in the findings of fact or conclusions of law enumerated in the confirmation order entered by the Bankruptcy Court."  (Doc. 29 at 33).

In *Williamson*, a Chapter 12 case, the court complained that

> In the present case, the bankruptcy court's orders contain no findings of fact.  Rather, under sections entitled "Findings of Fact and Conclusions of Law," each confirmation order merely reproduces the language of section 1225.  The court does not discuss what evidence, if any, led it to conclude that the proposed plans met the requirements of section 1225. ...  On remand by the district court, it is imperative that the bankruptcy court clearly state factual findings which support its legal conclusions, whatever those conclusions may be.  If the bankruptcy court confirms the new orders, it must explain how the orders comply with the language in section 1225.  It must detail the evidence supporting the feasibility of the plans.  It must provide payment schedules, so that compliance with the plans can be measured.  It must explain how the Cornelisons are capable of meeting these payment schedules.  In short, it must make the factual findings which are missing from the confirmed plans.

*Id.* at 1075. Although the instant Confirmation Order involves Section 1325 rather than Section 1225, in most other respects it resembles the order at issue in *Williamson* and requires the same result.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Confirmation Order is **REVERSED AND REMANDED** to the Bankruptcy Court for additional findings of fact in conformity with this order, and particularly in the areas of good faith and feasibility.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 2, 2007.

                                                                                       _____
                                                                                       GREGORY A. PRESNELL
                                                                                       UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party