**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In Re: Robert Joseph Brown, Debtor.**
**Bankruptcy No. 6:05-Bk-15294-ABB**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

                **Appellant,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-316-Orl-31**

**ROBERT JOSEPH BROWN,**

                **Appellee,**

**STATE FARM MUTUAL INSURANCE COMPANY,**

                **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-546-Orl-31**

**ROBERT JOSEPH BROWN,**

                **Defendant.**

## ORDER

On October 14, 2005, Robert Joseph Brown ("Brown") filed a voluntary petition for relief under Chapter 13 of the Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida. On November 14, 2006, the Bankruptcy Court entered an order (the "Confirmation Order") confirming Brown's second amended Chapter 13 plan (the "Plan"). Creditor State Farm Mutual Automobile Insurance

Company ("State Farm"), which had objected to confirmation, filed a timely notice of appeal of the Confirmation Order on January 15, 2007.

Shortly before that filing, Brown filed a motion seeking to prevent the U.S. Trustee from disbursing any payments to the only unsecured creditor – State Farm – while the appeal was pending. Brown contended that the funds would be needed to pay his attorney to handle the appeal. The Trustee consented to Brown's motion and, on February 1, filed a motion of its own seeking to accomplish essentially the same thing. At a hearing, the Bankruptcy Court described the Trustee's motion as "premature" and advised Brown to file a motion to modify the Plan. Brown did so on February 8, 2007. At a subsequent hearing – and while State Farm's appeal of the Confirmation Order was still pending before this Court – the Bankruptcy Court entered an order (the "Modified Confirmation Order") partially granting the motion and requiring the Trustee to retain one-half of the payments previously earmarked to State Farm under the Plan. State Farm then filed a second appeal, challenging the Bankruptcy Court's jurisdiction to enter the Modified Confirmation Order and the sufficiency of the findings it made prior to entering that order.

**I.      Jurisdiction**

The filing of a notice of appeal to a district court divests a bankruptcy court of jurisdiction to proceed with matters raised by such appeal but not as to matters that are "uniquely separable" from and collateral to the merits of the appeal. *In re St. Clair*, 251 B.R. 660, 669 (D.N.J. 2000) (citing *inter alia White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445 (2000) (holding that application for attorney's fees under 42 U.S.C. § 1988 was "uniquely separable" from the matters to be proved at trial and therefore not subject to ten-day time limit for amending judgment under Rule 59(e)). The rule divesting lower courts of jurisdiction of aspects of a case

involved in an appeal is a judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time. *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000). "This rule is not absolute. For example, a district court has jurisdiction to take actions that preserve the status quo during the pendency of an appeal but may not finally adjudicate substantial rights directly involved in the appeal." *Id.* (internal quotations and citations omitted).

Thus the question in the instant case is whether the Bankruptcy Court addressed a matter directly involved in the appeal or something separable from the merits of the appeal. State Farm argues that because the confirmation of the Plan was under appeal, the Bankruptcy Court's order modifying the Plan necessarily involved the same issues being appealed, such as good faith, feasibility, and (by implication) the amount of money State Farm would receive under the Plan. The Court finds that this goes too far. In essence, the Modified Confirmation Order accomplished one thing: the withholding of one-half of the payments to which State Farm would otherwise have been entitled under the Plan. Contrary to State Farm's representations, this withholding has no impact on any of the issues raised in the original appeal, such as Brown's good faith (or lack thereof) in filing his Plan or his ability to make the payments under it. As such, the Bankruptcy Court possessed jurisdiction to enter the Modified Confirmation Order. *See also Matter of Commodore Corp.*, 86 B.R. 564, 569-70 (N.D.Ind. 1988) (finding that bankruptcy court possessed jurisdiction to enter second confirmation order modifying plan during pendency of appeal of first confirmation order, where modifications did not affect issues already on appeal).

**II.    Modification Criteria**

Post-confirmation modification of a debtor's Chapter 13 plan is governed by 11 U.S.C.

§ 1329, which provides in pertinent part:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to –
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments; or
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

Although it is not explicitly required by the text of Section 1329, some courts require the movant to demonstrate a substantial and unanticipated change in the debtor's circumstances before permitting modification of a confirmed plan. *See*, *e.g.*, *In re Murphy*, 474 F.3d 143, 149-50 (4th Cir. 2007) (holding that considerations of judicial economy and *res judicata* compelled party seeking modification to show that debtor had experienced a substantial and unanticipated post-confirmation change in his financial condition). Other courts decline to impose such a requirement. *See, e.g., Barbosa v. Soloman*, 235 F.3d 31, 38-41 (1st Cir. 2000) (rejecting application of doctrine of *res judicata* as inconsistent with the language of Section 1329, which permits modification). State Farm suggests that this issue has been settled within this Circuit, pointing to *In re Hoggle*, 12 F.3d 1008, 1011 (11th Cir. 1994), in which the court concluded that "Congress designed § 1329 to permit modification of a plan due to changed circumstances of the debtor unforseen at the time of confirmation". However, noting that Congress intended Section 1329 to address a particular scenario is not the same thing as concluding that Congress *only* intended Section 1329 to address that scenario. Congress could have required such a showing as a prerequisite to modification under Section 1329 but chose not to do so. It would be improper for this Court to do so in its stead. "The Code, in this instance § 1329, does not require any

threshold requirement for a modification and we will not use the legislative history to create a rule where none exists." *Matter of Witkowski*, 16 F.3d 739, 742 (7th Cir. 1994).

A modified chapter 13 plan must meet the same statutory requirements for confirmation, such as good faith and feasibility, as the original plan. State Farm argues that Brown's modified Chapter 13 plan fails to meet these statutory criteria and, moreover, that the Bankruptcy Court failed to make the required factual findings on these issues. The Court has already addressed this point in regard to the previous appeal. Here, however, the Court finds that State Farm's arguments miss the mark. State Farm contends that the modified plan was not feasible, was not proposed in good faith, and failed the best interest of creditors test. But State Farm has not shown any way in which the withholding impacts any of these criteria.

State Farm argues that the modified plan is not feasible because the need to withhold these payments demonstrates that Brown's income is insufficiently stable to support the Plan. But it does no such thing. Increased expenses (resulting from State Farm's appeal) led to the need to withhold additional funds, not any fluctuation in Brown's income. As such, this argument fails on its face. State Farm's arguments regarding good faith and the best interest of creditors test are simply reiterations of the arguments it made against confirmation of the previous plan. In other words, State Farm's arguments on these points have nothing to do with the decision to withhold one half of the payments to the unsecured creditor class. Given that State Farm failed to raise a substantial argument as to these issues, the Bankruptcy Court was not required to make findings regarding them.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Modified Confirmation Order is **AFFIRMED**.  The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 6, 2007.

                                                 GREGORY A. PRESNELL
                                          UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party